Russell J. McEwan (RM/8751)
LITTLER MENDELSON, P.C.
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant
    Tri-State Folding Partitions, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS WELFARE FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS VACATION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS CHARITY FUND, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA FUND and NEW YORK CITY AND VICINITY JOINT LABOR-MANAGEMENT COOPERATION TRUST FUND, by MICHAEL J. FORDE, AND PAUL O'BRIEN, as TRUSTEES,<br><br>                Plaintiffs,<br><br>vs.<br><br>TRI-STATE FOLDING PARTITIONS, INC.,<br><br>                Defendant. | Civil Action No. 08-cv-3415 (LAP)<br><br>**ANSWER TO COMPLAINT AND SEPARATE DEFENSES** |

Defendant, Tri-State Folding Partitions, Inc. ("Defendant"), by its attorneys, Littler Mendelson, P.C., hereby answers the Complaint of Plaintiffs (collectively, "Plaintiffs"), as follows:

## NATURE OF THE CASE

1.     Defendant admits that Plaintiffs filed this action to confirm the arbitration award attached to the Complaint as Exhibit A, but denies that any legal or factual basis exists for this action or the relief sought therein.

## JURISDICTION

2.     Defendant denies the allegations contained in Paragraph 2 of the Complaint as conclusions of law to which no response is required.

3.     Defendant denies the allegations contained in Paragraph 3 of the Complaint as conclusions of law to which no response is required.

## VENUE

4.     With respect to the allegations contained in Paragraph 4 of the Complaint, Defendant admits that Plaintiffs purport to lay venue for their claims in this Court, denies that any legal or factual basis exists for venue in this Court and, to the extent that Paragraph 4 contains factual allegations, lacks sufficient knowledge or information sufficient to admit or deny same.

## PARTIES

5.     Defendant denies the allegations contained in Paragraph 5 of the Complaint as conclusions of law to which no response is required.  To the extent that Paragraph 5 contains allegations of fact, Defendant lacks sufficient knowledge or information to admit or deny same.

6.     Defendant denies the allegations contained in Paragraph 6 of the Complaint as conclusions of law to which no response is required.  To the extent that Paragraph 6 contains allegations of fact, Defendant lacks sufficient knowledge or information to admit or deny same.

7. Defendant admits that it is a domestic corporation incorporated under laws of the State of New York, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint as conclusions of law to which no response is required.

## FIRST CLAIM FOR RELIEF

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint because they purport to state the terms of a document which speaks for itself, and further denies said allegations because they constitute conclusions of law to which no response is required. To the extent that Paragraph 9 contains allegations of fact, Defendant denies same.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint because they purport to state the terms of a document which speaks for itself. To the extent that Paragraph 11 contains allegations of fact, Defendant lacks sufficient knowledge or information to admit or deny same.

12. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint, except to admit that a copy of Exhibit A to the Complaint was delivered to Defendant.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or part, by the applicable statute of limitations.

### THIRD DEFENSE

The Complaint is barred by the doctrine of laches.

### FOURTH DEFENSE

The Complaint is barred by the doctrine of waiver.

### FIFTH DEFENSE

The Complaint is barred by the doctrine of estoppel.

### SIXTH DEFENSE

The Complaint is barred by the doctrine of unclean hands.

### SEVENTH DEFENSE

The Complaint is barred by the doctrine of unjust enrichment.

### EIGHTH DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

### NINTH DEFENSE

The arbitration award attached to the Complaint as Exhibit A is invalid and unenforceable because, among other reasons, Defendant was not obligated by law or fact to arbitrate any disputes with Plaintiffs.

**TENTH DEFENSE**

The Complaint is barred by Plaintiffs' failure to exhaust administrative remedies prior to filing suit.

**ELEVENTH DEFENSE**

Defendant reserves the right to assert additional defenses based upon facts learned during discovery.

**WHEREFORE**, Defendant requests judgment against Plaintiffs with respect to the claims asserted in the Complaint, dismissing the Complaint in the above action, together with costs and disbursements and any other relief this Court may deem just and proper.

    Respectfully submitted,

    **LITTLER MENDELSON**
    A Professional Corporation


    By:   /s/ Russell J. McEwan
          Russell J. McEwan (RM/8751)
          One Newark Center, 8th Floor
          Newark, New Jersey  07102
          973.848.4700
          Attorneys for Defendant

Dated: May 8, 2008

Firmwide:85023096.2 055009.1000